IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

KATHLEEN BALDANZI AND GERALD P.
LONG,

On Behalf of Themselves and All Others
Similarly Situated,

Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

Defendant.

-----------------------------------------------------------x

JOINT PRELIMINARY PRE-
TRIAL STATEMENT
OF THE PARTIES

07-CV-9551 (LTS) (GWG)

Pursuant to Judge Laura Taylor Swain's Initial Conference Order dated November 20, 2007, Plaintiffs Kathleen Baldanzi and Gerald Long and Defendant Wells Fargo Bank, NA hereby submit their Joint Preliminary Pretrial Statement in accordance with Fed. R. Civ. P. 26(f), as follows:

## A) A Concise Statement of the Nature of this Action

Plaintiffs bring a class action complaint alleging breach of contract and consumer fraud. Plaintiffs allege that Defendant Wells Fargo assesses additional interest beyond that permitted by its standard co-op loans. Plaintiffs allege that Defendant routinely collects one or more days of interest past the closing date of its loans, in breach of its agreements. Defendant denies the allegations.

## B) The Parties' Positions on the Court's Jurisdiction Over this Action

The parties agree that this Court has jurisdiction over this action pursuant

to 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005 (109

P.L. 2; 119 Stat. 4; effective February 18, 2005), based upon the allegations of

the complaint for the following reasons:

      a. the members of the proposed plaintiff Class number 100 or more;

      b. there is diversity of citizenship between *any one* member of the plaintiff Class (named and unnamed) and the Defendant; Plaintiffs Baldanzi and Long were the owners of property in New York and many class members are New York residents, while Defendant Wells Fargo is a Delaware corporation with its principal offices in California;

      c. the amount in controversy -- which may be calculated by aggregating the claims of the proposed Class members -- exceeds $5 million.

Defendant contends that no class action can be certified in this case and

reserves all arguments against class certification.

## C) Material Uncontested or Admitted Facts

It is not contested that Defendant wrote coop loans in the State of New

York, and that Plaintiffs had a coop loan with Wells Fargo.  The details of the

loan transaction itself, as memorialized by the parties' agreements, are not in

dispute.

## D) A Concise Statement of All Uncontested Legal Issues

All legal issues of which the parties are aware at this time are currently

contested.

## E) A Concise Statement of All Legal Issues to be Decided by the Court

Defendant has filed a motion to reinstate its motion to dismiss the complaint

(which the court initially dismissed without prejudice on January 3, 2008).

Defendant's motion to dismiss contends that Plaintiffs' claims are preempted by the National Bank Act, 12 U.S.C. §§ 21, et seq., and corresponding regulations promulgated by the federal Office of Comptroller of the Currency.   Plaintiffs maintain that the state law claims asserted are reserved for judicial resolution and not preempted.  As defendant has not yet answered the complaint pending resolution of its motion to dismiss, the parties are not yet in a position to identify all legal issues the Court will need to decide, although at a minimum the parties dispute whether a class may be certified and whether the voluntary payment doctrine bars Plaintiffs' claims.

## F) Each Party's Concise Statement of Material Undisputed Facts

### 1) Plaintiffs

Plaintiffs borrowed money from Wells Fargo in order to purchase a cooperative apartment and in turn pledged their shares in the coop property along with their lease of the apartment.  The loan agreement ("Note") entered between the parties specifically provides that "interest will be charged [only] on unpaid principal."  The Note further states that Plaintiffs need only make monthly payments "until [they have] paid all of the principal and interest and any other charges . . . that [they] may owe under this Note."  On September 28, 2006, Plaintiffs paid off all principal and interest due on the Note.   Nonetheless, Defendant charged and collected interest until October 2, 2006, four days beyond the payoff date, in violation of the Note.

### 2) Defendant

Defendant does not contest the first three sentences of Plaintiffs'

statement, but avers that the Note and other loan documents speak for themselves. Wells Fargo denies that it received Plaintiffs' complete payment on September 28, 2006.

### G) Legal Basis for Plaintiffs' Claims

1) *Breach of contract*—Plaintiffs allege that the coop Note provides that Wells Fargo may only charge interest until the loan principal is fully paid. Thus, Defendant's assessment of interest for periods beyond the closing date constitutes an express breach of contract.

2) *Statutory consumer fraud*— Plaintiffs allege that Defendant Wells Fargo engaged in materially "deceptive acts and practices" within the definition of N.Y. Gen. Bus. Law § 349(a). Defendant misrepresented, *inter alia*, the amount of interest that New York State Borrowers would be charged, failed to advise the Borrowers in advance that they would be forced to pay an extra interest charge, and wrongfully extracted such interest at closing. Plaintiffs further allege that these acts violate the corresponding consumer protection laws of other states where Defendant wrote co-op loans.

3) *Unjust enrichment*— Plaintiffs also allege that the retention of interest unlawfully collected constitutes unjust enrichment and that relevant monies and profits should be disgorged.

### H) Legal Basis for Defenses Asserted

Defendant denies Plaintiffs' characterization of the legal and factual bases for their claims above. As set forth in Defendants' Motion to Dismiss, Plaintiffs' claims are preempted by the National Bank Act. Moreover, Defendant asserts it

4

did not breach the contract as plaintiffs allege because, among other reasons, Plaintiffs' loan obligations were not satisfied on September 28, 2006. Defendant also asserts that as Plaintiffs' G.B.L. 349 claim and unjust enrichment claims arise from the defective alleged breach of contract claim, those claims also fail. Defendant also claims that even if Plaintiffs state a breach of contract claim, they have not met the remaining elements of a G.B.L. 349 or unjust enrichment claim. Defendant has not yet answered and therefore has not yet asserted all its defenses.

### I) Measure of Proof and Burden of Proof for each Claim or Defense

*1) Plaintiffs' Claims*

Plaintiffs have the burden of proof on each cause of action.

On the N.Y. Gen. Bus. Law claim, Plaintiffs must show that the challenged act or practice was "consumer-oriented", that it was "misleading in a material respect", and that they suffered injury as a result. *See, e.g., Stutman v. Chemical Bank*, 95 N.Y.2d 24, 29 (N.Y. 2000).

On the unjust enrichment claim, Plaintiffs must show that they conferred a benefit on the Defendant, that Defendant appreciated or knew of the benefit, and that it would be inequitable for the Defendant to retain the benefit. 26 Williston on Contracts § 68:5 (4th ed.), updated 2007.

*2) Defenses*

Defendant has the burden of persuasion on its pending Motion to Dismiss. As Defendant has not yet answered, it has not yet identified its remaining defenses or the burdens as to each.

#### J) Amendments

In advance of discovery, the parties are unable to foresee what amendments to the pleadings will become necessary. Plaintiffs propose a deadline for amendment of the complaint 45 days prior to the end of all discovery. Defendant proposes a deadline for amendment of the complaint 45 days prior to the end of class discovery. As discussed below (see *infra*, section m.), Plaintiffs oppose the bifurcation of class and merits discovery.

#### K) Transfer to Magistrate Judge

At this point, the parties do not consent to the transfer of the case to a magistrate judge. However, they are willing to potentially reconsider this issue as the case progresses.

#### L) Required Disclosures Pursuant to Fed. R. Civ. P. 26(a)

The parties intend to exchange these disclosures prior to the pretrial conference scheduled for February 8, 2008.

#### M) Discovery

Plaintiffs propose a discovery deadline in the range of six to seven months. Defendant proposes a bifurcated procedure where discovery will proceed first on class-based issues, and then on the merits only after class certification is determined. Defendant proposes a deadline of approximately four to six months for class discovery, followed by an additional discovery period on the merits. Plaintiffs believe that these questions are intertwined and oppose the bifurcated discovery process.

## N) Expert Testimony and Deadlines for Expert Discovery

Plaintiffs have not yet identified whether expert testimony will be needed. Assuming that expert testimony is required for class-based matters, the parties agree that Plaintiffs will furnish their expert disclosures sixty days prior to a motion for class certification and that Defendant would then have thirty days to disclose any competing expert.

## O) Changes on Limitations of Discovery

None proposed at this time.

## P) Status of Settlement Discussions

Defendant does not believe settlement discussions will be productive until its motion to dismiss on federal preemption grounds is determined.

## Q) Trial

The approximate date and length of trial and the evidence to be presented can only be determined after appropriate discovery. Plaintiffs have demanded a jury trial.

## R) Orders

None proposed at this time.


Dated: New York, New York
       February 5, 2008

SANFORD WITTELS & HEISLER, LLP


By:___s/_____

          Steven L. Wittels (SW-8110)
          Jeremy Heisler (JH-0145)
          Andrew Melzer (AM-7649)

950 Third Avenue, 10th Floor
New York, New York  10022
(646) 723-2947
          Email: swittels@nydclaw.com;
                jheisler@nydclaw.com;
                amelzer@nydclaw.com


*Attorneys for Plaintiffs Kathleen Baldanzi and*
*Gerald P. Long and the Class*


By: ___s/_____

          Brian D. Hail (BH-1857)

Goodwin Procter, LLP

599 Lexington Avenue

New York, NY 10022

(212)823-8800

Fax: 212-355-3333
bhail@goodwinprocter.com


Thomas M. Hefferon
Marva R. Deskins

Goodwin Procter, LLP

901 New York Avenue, N.W.

Washington, D.C. 20001

(202)346-4000

Fax: (202) 344-4444

thefferon@goodwinprocter.com

James W. McGarry
Goodwin Procter, LLP
Exchange Place
Boston, MA  02148
(617) 570-1000
Fax:  (617) 523-1231

*Attorneys for Defendant WFC Holdings
Corporation d/b/a Wells Fargo Bank, N.A.*