IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHLEEN BALDANZI & GERALD P. LONG,<br><br>On Behalf of Themselves and All Others Similarly Situated,<br><br>       Plaintiffs,<br><br>    v.<br><br>WFC HOLDINGS CORPORATION d/b/a WELLS FARGO BANK, N.A.,<br><br>       Defendant. | Civil Action No. 1:07 cv-9551 (LTS) |

**DEFENDANT'S REPLY IN SUPPORT OF**
<u>**MOTION TO DISMISS**</u>

WFC HOLDINGS CORPORATION d/b/a
WELLS FARGO BANK, N.A.

Of Counsel:

Thomas M. Hefferon
Marva R. Deskins
GOODWIN PROCTER, LLP
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 346-4000 (telephone)
(202) 344-4444 (facsimile)
thefferon@goodwinprocter.com

James W. McGarry
GOODWIN PROCTER, LLP
Exchange Place
Boston, MA 02109
(617) 570-1000 (telephone)
(617) 523-1231 (facsimile)
jmcgarry@goodwinprocter.com

Brian D. Hail (BH – 1857)
GOODWIN PROCTER, LLP
599 Lexington Avenue,
New York, NY 10022
(212) 813-8800 (telephone)
(212) 355-3333(facsimile)
bhail@goodwinprocter.com

LIBW/1671588.3

# TABLE OF CONTENTS

A. Preemption of State Law Claims As They Pertain To National Banks Is The Rule, Not The Exception ..................................................................................................... 2

B. Plaintiffs' Lawsuit Directly Challenges Preempted Activity Under OCC Regulation ........ 4

    1. The breach of contract claim is preempted ............................................................ 6

    2. The GBL § 349 claim is preempted ....................................................................... 7

    3. The unjust enrichment claim is preempted ............................................................ 8

C. Plaintiffs' Reliance On *Binetti* Similarly Fails To Save Their Claims ............................... 9

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

**CASES:**                                                                                                          **Page**

*Anderson Nat'l Bank v. Luckett*, 321 U.S. 233 (1944) ...................................................................4

*Binetti v. Washington Mutual Bank*, 446 F. Supp. 2d 217 (S.D.N.Y. 2006) ........................2, 9, 10

*Carson v. H&R Block, Inc.*, 250 F. Supp. 2d 669 (S.D. Miss. 2003) ............................................ 7-8

*Clearinghouse Ass'n, L.L.C. v. Cuomo*, 510 F.3d 105 (2d Cir. 2007)............................................3

*Cortazar v. Wells Fargo & Co.*, 2004 U.S. Dist. LEXIS 30215 (N.D. Cal. Aug. 9, 2004).............7

*Cross-County Bank v. Klussman*, 2004 U.S. Dist. LEXIS 7835 (N.D. Cal. Apr. 30, 2004) ..........8

*Davis v. Elmira Sav. Bank*, 161 U.S. 275 (1896)...........................................................................4

*First Nat'l Bank in St. Louis v. Missouri*, 263 U.S. 640 (1924) .....................................................4

*Great W. Res., LLC v. Bank of Arkansas, N.A.*, 2006 U.S. Dist. LEXIS 92237
 (W.D. Ark. Mar. 13, 2006) ..................................................................................................7

*Hunter v. Beneficial Nat'l Bank U.S.A.*, 947 F. Supp. 446 (M.D. Ala. 1996) ................................8

*Jefferson v. Chase Home Finance*, 2007 U.S. Dist. LEXIS 94652 (N.D. Cal. 2007) .................8, 9

*Levitanksy v. FIA Card Services, N.A.*, 492 F. Supp. 2d 758 (N.D. Ohio 2007) ........................6, 7

*Martinez v. Wells Fargo Bank, N.A.*, 2007 WL 963965 (N.D. Cal. Mar. 30, 2007) ......................8

*Mason v. Fid. Fed. Bank*, 40 F. Supp. 2d 1340 (M.D. Ala. 1999)..................................................8

*Mayor of New York v. Council of New York*, 780 N.Y.S.2d 266 (N.Y. App. Div. 2004)...............5

*National Bank v. Commonwealth*, 76 U.S. 353 (1869)...............................................................2, 3

*Patterson v. Regions Bank*, 2006 U.S. Dist. LEXIS 86029 (S.D. Ill. Nov. 27, 2006)....................7

*Rose v. Chase Bank USA, N.A.*, 513 F.3d 1032 (9th Cir. 2008) ....................................................8

*Silvas v. E*Trade Mortgage Corp.*, 514 F.3d 1001 (9th Cir. 2008) .......................................3, 5, 9

*SPGGC, LLC v. Blumenthal*, 505 F.3d 183 (2d Cir. 2007) ...........................................................3

*Wachovia Bank, N.A. v. Burke*, 414 F.3d 305 (2d Cir. 2005)....................................................5, 6

*Watters v. Wachovia Bank, N.A.*, 127 S. Ct. 1559 (2007) .............................................................3

*Wells Fargo Bank N.A. v. Boutris*, 419 F.3d 949 (9th Cir. 2005) ....................................................3

*West Virginia v. Parrish Auto. Training Co.*, 147 F. Supp. 2d 470
     (N.D. W. Va. 2001) ..................................................................................................................7

**STATUTES:**

12 U.S.C. § 24 (Seventh) ............................................................................................................3, 8

N.Y. Gen. Bus. Law § 349 ................................................................................................... *passim*

**RULES AND REGULATIONS:**

12 C.F.R. § 7.4008 ......................................................................................................................4, 8
12 C.F.R. § 7.4008(d)(2) .................................................................................................................5
12 C.F.R. § 7.4008(d)(2)(iv) ...........................................................................................................4
12 C.F.R. § 7.4008(e) .................................................................................................... 5, 6, 7, 9, 10

12 C.F.R. § 34.4(a) ..........................................................................................................................5
12 C.F.R. § 34.4(a)(4) .....................................................................................................................4
12 C.F.R. § 34.4(a)(10) ...................................................................................................................4
12 C.F.R. § 34.4(b) ........................................................................................................ 5, 6, 7, 9, 10

12 C.F.R. § 560.2(c) ........................................................................................................................9

LIBW/1671588.3

Plaintiffs' Opposition to Wells Fargo Bank's Motion to Dismiss spends substantial time and space discussing the historical origins of the National Bank Act and quoting liberally from late 19th century case law interpreting it. By ignoring the holdings of those cases, as well as modern Supreme Court and Second Circuit precedent, and by attempting to import a heightened standard of analysis, however, the Opposition paints a distorted view of current banking preemption law and the standards to apply in analyzing Wells Fargo's motion. When studied in the proper context, it is evident that Plaintiffs' claims are preempted.

While this Reply will respond to Plaintiffs' legal arguments, given the often-inflamed language of the complaint that is parroted in the Opposition, Wells Fargo feels compelled to at least note that the factual basis for the Complaint, as outlined in the Opposition, omits a critical fact. That is, the amount by which Plaintiffs overpaid their loan when they paid it off – i.e., the alleged "extra interest" that is the subject of this lawsuit– was, in fact, refunded to Plaintiffs within weeks of the loan payoff, as expressly provided in the payoff letter plaintiffs reference, but do not attach, to the Complaint. Thus, the entire basis for the Complaint, and its charged language regarding the alleged "injustice" perpetrated by Wells Fargo and regarding Plaintiffs and others being "wrongfully induced and deceived into paying these illegal interest charges" (Complaint ¶¶ 8, 38), is belied by the facts. Should the Complaint survive this Motion, Wells Fargo will develop these facts in a properly supported dispositive motion. For now, it merely notes them so that the court may understand the dispute in its proper factual context.

Plaintiffs primarily oppose Wells Fargo's motion by (1) arguing that state law takes precedence over the National Bank Act; and (2) focusing on the labels they put on their causes of action, rather than the banking activity they actually challenge. As to the first point, Plaintiffs

1

are simply wrong. The Supreme Court and all the Circuit Courts have made clear that in the federal banking context, state law is presumptively preempted.

As to Plaintiffs' attempts to avoid the appropriate statutory analysis by focusing on the labels they put on their claims (breach of contract, unjust enrichment, GBL § 349), the substance of this suit is an attempt to define how Wells Fargo must calculate and impose interest – a matter that is plainly preempted by federal banking law in several respects. Plaintiffs' fall-back argument that *Binetti v. Washington Mutual Bank*, 446 F. Supp. 2d 217 (S.D.N.Y. 2006) somehow dictates the result here is equally unavailing. *Binetti* arises under a different regulatory regime, and is based on an OTS exception to preemption under the Homeowners' Loan Act that <u>does not exist</u> under the National Bank Act and OCC regulations at issue here.

A.   **PREEMPTION OF STATE LAW CLAIMS AS THEY PERTAIN TO NATIONAL BANKS IS THE RULE, NOT THE EXCEPTION.**

Wells Fargo's argument in its motion was straightforward. As Plaintiffs' allegations are that Wells Fargo overcharged Plaintiffs interest and/or failed to properly calculate interest in its servicing of the loan, the claims are preempted because the National Bank Act prohibits state regulation (including judicial decisions) related to charging and collecting interest and prohibits state regulation of loan servicing activities. Opening Br. at 2, 5-7.

Plaintiffs' Opposition not only ignores the substance of Wells Fargo's argument, it starts from a flawed premise. That is, Plaintiffs argue, based on *National Bank v. Commonwealth*, 76 U.S. 353 (1869), that Wells Fargo is subject to state regulation of its banking activity, and that "subjection to State law is the rule, and preemption the exception." Pl. Opp. at 2. Indeed, Plaintiffs write at length about late 19th and early 20th century cases holding that state laws are "impervious to any preemption defense the defendant-bank may raise." Pl. Opp. at 9.

2

Plaintiffs have the preemption presumption backward. The Supreme Court and the Second Circuit have made clear that when national banking regulation is at issue, there is a presumption in favor of preemption, not the reverse as Plaintiffs contend. *Watters v. Wachovia Bank, N.A.*, 127 S. Ct. 1559, 1566-69 (2007) (federal grants of "both enumerated and incidental powers to national banks [are] grants of authority not normally limited by, by rather ordinarily preempting" state law); *Clearinghouse Ass'n, L.L.C. v. Cuomo*, 510 F.3d 105, 113 (2d Cir. 2007) (the presumption against preemption "disappears" in the context of national banking regulation); *SPGGC, LLC v. Blumenthal*, 505 F.3d 183, 189 (2d Cir. 2007) (noting that state law prohibiting national bank from assessing inactivity or dormancy fees for gift cards would be preempted by the National Bank Act). *See also Wells Fargo Bank N.A. v. Boutris*, 419 F.3d 949, 956 (9th Cir. 2005) ("presumption against federal preemption of state law is inapplicable to federal banking regulation."); *Silvas v. E*Trade Mortgage Corp.*, 514 F.3d 1001, 1004-05 (9th Cir. 2008) (the "general presumption against preemption is not applicable" where there has been a "history of significant federal presence in national banking").

Moreover, Plaintiffs' heavy reliance on *National Bank* misses the point. *National Bank* concerned whether state taxation of national banks was preempted, not the degree to which a national bank is permitted to charge interest to its customers without interference at the state level. *National Bank,* 76 U.S. at 360. The distinction between the two subject matters demonstrates exactly why state tax laws are not preempted and challenges to interest calculations like those advanced by Plaintiffs are. The taxing of a bank is a revenue issue for the state. The underlying activity – taxation – has nothing to do with the Bank's powers under the National Bank Act. The challenge to interest charges Plaintiffs advance here, on the other hand, goes directly to the lending powers granted by the OCC. 12 U.S.C. § 24 (Seventh).

3

Indeed, each case cited by Plaintiffs for the proposition that national banks are governed "predominantly" by state law (Pl. Opp. at 8), either finds the state law preempted or does not do so because it involves state regulation over <u>non-banking</u> activity. *See Davis v. Elmira Sav. Bank*, 161 U.S. 275, 284 (1896) (state law regarding distribution of insolvent bank's assets preempted by NBA); *Anderson Nat'l Bank v. Luckett*, 321 U.S. 233, 248 (1944) (state unclaimed funds statute not preempted because unrelated to national banking power); *First Nat'l Bank in St. Louis v. Missouri*, 263 U.S. 640, 659 (1924) (establishing branches not "incidental power" under NBA).[1]

### B.   PLAINTIFFS' LAWSUIT DIRECTLY CHALLENGES PREEMPTED ACTIVITY UNDER OCC REGULATION.

Wells Fargo argued in its Opening Brief that whether characterized as improperly charging interest or improperly servicing the loan at payoff, the underlying claims fall within preempted activities in the National Bank Act because they relate to the charging or timing of interest. Opening Br. at 7 (citing 12 C.F.R. §§ 34.4(a)(4) & 34.4(a)(10)). The applicable regulations state that national banks are free to make loans (either real-estate secured or not)[2] without regard to state limitations on the "terms of credit", including "the repayment of principal and interest." 12 C.F.R. §§ 34.4(a)(4); 7.4008(d)(2)(iv), and without regard to state limitations on mortgage loan "servicing." 12 C.F.R. § 34.4(a)(10). Plaintiffs' claims clearly fall within these regulations as the causes of action are based on interest charges that Plaintiffs claim are unlawful, either through the charge itself or as a claim for improper servicing. *See* Complaint ¶¶ 44-45, 49, 55 ("charged *interest* not permitted by its Loan Agreements;" "engaged in materially

---

[1]   Plaintiffs' citation to the Congressional testimony of OCC's counsel adds nothing to the analysis. Pl. Opp. at 3, 12. That counsel testified consistently with the regulations generally does not provide guidance on whether the underlying activity challenged by Plaintiffs falls within the scope of the regulations.

[2]   As Plaintiffs note, the preemption provision of 12 C.F.R. § 7.4008 (non real estate loans), which Plaintiffs contend govern co-op loans, are largely identical to section 34. Pl. Opp. at 11-12 & n.5.

4

'deceptive acts and practices' ... by failing to advise ... that they would be forced to pay an extra *interest* charge;" "unjustly enriched itself" in "the collection and retention of extra-contractual *interest*")(emphasis added). *See, e.g., Wachovia Bank, N.A. v. Burke*, 414 F.3d 305, 321 (2d Cir. 2005)(Section 34.4 preempts state banking laws); *Mayor of New York v. Council of New York*, 780 N.Y.S.2d 266, 272 (N.Y. App. Div. 2004)(NBA and OCC regulations preempt state limitations on, among other things, repayments and interest rates).

Plaintiffs' response to the proper statutory analysis is to ignore it. They predictably skip a review of the primary regulatory language and instead argue that their claims fall within the narrow exceptions of the NBA regulations. Pl. Opp. at 11. Plaintiffs claim that because they have brought causes of action based on contract and tort, and those words are mentioned in 12 C.F.R. § 34.4(b) and § 7.4008(e), their claims should be allowed to continue. These arguments misapprehend the fundamental limitation on the exceptions – *i.e.* that contract and tort law is not preempted to the extent they only "incidentally affect" Wells Fargo's lending operations.

But indeed the "incidental affects" limitation is not even triggered if the challenged activity is among those listed in the first part of the regulation. The test is to first determine whether an activity falls within § 34.4(a) or § 7.4008(d)(2). Under the plain language of the regulation, if it does, the claim is preempted, and there is no need to even address the exceptions. *See also Silvas*, 514 F.3d at 1006-07 (no need to reach "incidental affects" analysis because if activity falls within enumerated list under HOLA's similar regulatory scheme, it is preempted and no need to reach exceptions). As Plaintiffs' breach of contract, unjust enrichment and GBL § 349 claims directly challenge the "terms of credit" and "servicing activity," and collection of "interest", i.e., activities listed in §§ 34.4(a) and 7.4008(d)(2) that Wells Fargo is permitted to engage in free of state regulation, the exceptions are not reached. *See id.*

5

Even applying the exceptions, Plaintiffs cannot avoid preemption by contending that their claims seek merely to enforce general commercial obligations. Pl. Opp. at 11-16. The issue is not what Plaintiffs label their claims; it is whether they affect Wells Fargo's lending activities in any way more than an incidental fashion.

### 1. The breach of contract claim is preempted.

The only one of Plaintiffs' three causes of action that even arguably fits within § 34.4(b) or § 7.4008(e) is the breach of contract claim. But Plaintiffs ignore that the exception applies only to activity that merely incidentally affects Wells Fargo's lending powers. *See* 12 C.F.R. §§ 34.4(b); 7.4008(e). Unlike paying taxes, complying with state unclaimed property laws, complying with preferential transfer laws and similar activity found not preempted, state interference with the interest Wells Fargo can charge and the time frame within which it can charge it goes to the heart of mortgage banking, and as such its regulation is strictly prohibited. *See Wachovia Bank, N.A. v. Burke*, 414 F.3d 305, 320-21 (2d Cir. 2005).

Plaintiffs attempt to support their argument that their contract claim is not preempted by citing to *Levitanksy v. FIA Card Services, N.A.*, 492 F. Supp. 2d 758, 762 (N.D. Ohio 2007). But *Levitanksy* is readily distinguishable, as it arose in the context of a motion for remand following removal to federal court. In that context, the legal question is whether "complete preemption" giving rise to federal jurisdiction is present, and turns on whether a usury claim is being advanced. Here, there is no jurisdictional question. The "preemption on steroids" standard applicable in the jurisdictional analysis, 492 F. Supp. 2d at 760, has nothing whatsoever to do with the "ordinary preemption" at issue here. Indeed, the vast majority of case law cited by plaintiffs for the proposition that their individual claims are not preempted are jurisdictional "complete preemption" cases, which do not apply to Wells Fargo's motion.

Wells Fargo notes, however, that *Levitanksy* concerned a <u>transactional fee</u>, not interest. Indeed, that the case did <u>not</u> concern interest charges was critical to the *Levitanksy* holding. *Id.* at 762. Here, Plaintiffs specifically claim that they were charged unlawful interest. *See* Complaint ¶ 1 (seeking to "recover *unlawful interest* charges")(emphasis added). Rather than support Plaintiffs' argument, *Levitanksy* undermines it.

**2. The GBL § 349 claim is preempted.**

The preemption question is even more straightforward with respect to Plaintiffs' GBL § 349 claim. Applying the language of the regulation, none of the § 34.4(b) or § 7.4008(e) exceptions list state consumer protection laws like GBL § 349 as an area free from preemption. Plaintiffs do not address this deficiency in the regulation, but instead argue at great length that their GBL § 349 claim is not preempted based on a "stream of case law establishing that the NBA does not preempt claims against banks" based on challenges to "fees or interest greater than the amount contained in the contract" or "undisclosed fees." Pl. Opp. at 14-16. Like their contract claim argument, however, Plaintiffs fundamentally misunderstand and misapply their own cited cases. Every one of the federal cases cited for this proposition is addressing whether the court has jurisdiction over the case under the rarely found complete preemption doctrine, discussed above. Pl. Opp. at 14-16, citing *West Virginia v. Parrish Auto. Training Co.*, 147 F. Supp. 2d 470, 472 (N.D. W. Va. 2001) (complete preemption sufficient to establish a basis for jurisdiction means the law is "so completely preempted that they always present federal question jurisdiction"; "instances of complete preemption are rare."); *Patterson v. Regions Bank*, 2006 U.S. Dist. LEXIS 86029 (S.D. Ill. Nov. 27, 2006) (same).[3] These federal jurisdiction cases apply a heightened jurisdictional standard that has no bearing on the analysis this court must undertake.

---

[3] *See also Cortazar v. Wells Fargo & Co.*, 2004 U.S. Dist. LEXIS 30215 (N.D. Cal. Aug. 9, 2004); *Great W. Res., LLC v. Bank of Arkansas, N.A.*, 2006 U.S. Dist. LEXIS 92237 (W.D. Ark. Mar. 13, 2006); *Carson v.*

7

LIBW/1671588.3

When the Court looks to cases actually applying the proper preemption standard, it is clear that Plaintiffs cannot avoid preemption by describing their challenges to Wells Fargo's interest charges as claims under GBL § 349. In *Rose v. Chase Bank USA, N.A.*, 513 F.3d 1032 (9th Cir. 2008), for example, the plaintiff asserted claims under California's Unfair Competition Law, arguing that the defendant committed unlawful business practices in failing to make certain disclosures in connection with convenience checks. The court held the plaintiff's claims preempted by the NBA because the power granted to loan money on personal security under 12 U.S.C. § 24 (Seventh) and 12 C.F.R. § 7.4008 (the regulation Plaintiffs contend is at issue here) did not allow application of the UCL to Chase's convenience check disclosures.

Similarly, in *Martinez v. Wells Fargo Bank, N.A.*, 2007 WL 963965, at *8 (N.D. Cal. Mar. 30, 2007), plaintiffs alleged that they were overcharged on certain loan related fees in violation of the UCL. The court held plaintiffs' attempt to use state statutes to create and impose regulations on national banks preempted.

Here, Plaintiffs are attempting the same end-run around federal preemption that the *Rose* and *Martinez* courts rejected. By attempting to shoe-horn their challenges to Wells Fargo's interest charging and servicing activity into a GBL § 349 claim, Plaintiffs seek to avoid the preemptive bar. The Court should not allow it.

### 3. The unjust enrichment claim is preempted.

Nor can the unjust enrichment claim survive. Plaintiffs do not cite a single case holding an unjust enrichment claim to be excepted from preemption under the NBA. Plaintiffs claim that *Jefferson v. Chase Home Finance*, 2007 U.S. Dist. LEXIS 94652 (N.D. Cal. Dec. 14, 2007) was an unjust enrichment claim found not preempted. Pl. Opp. at 16-17. But that is not true. The

---

*H&R Block, Inc.*, 250 F. Supp. 2d 669, 673 (S.D. Miss. 2003); *Mason v. Fid. Fed. Bank*, 40 F. Supp. 2d 1340 (M.D. Ala. 1999); *Cross-County Bank v. Klussman*, 2004 U.S. Dist. LEXIS 7835 (N.D. Cal. Apr. 30, 2004); *Hunter v. Beneficial Nat'l Bank U.S.A.*, 947 F. Supp. 446, 451-52 (M.D. Ala. 1996).

court in *Jefferson* found not preempted a dispute regarding prepayment penalties that was brought under California's Unfair Competition Law and Consumer Legal Remedies Act, not an unjust enrichment claim.

However, the entire rationale of *Jefferson* is likely no longer good law after the 9th Circuit's decision in *Silvas*, which found state law challenges to lock-in fees preempted. 514 F.3d at 1006-07. The court in *Jefferson* allowed UCL claims to go forward based on an express rejection of the district court decision and rationale in *Silvas*. Now that *Silvas* has been affirmed by the 9th Circuit, *Jefferson* has little, if any, precedential value.

### C. PLAINTIFFS' RELIANCE ON *BINETTI* SIMILARLY FAILS TO SAVE THEIR CLAIMS.

Ultimately, as foreshadowed in Wells Fargo's Opening Brief, Plaintiffs contend that *Binetti v. Washington Mutual Bank*, 446 F. Supp. 2d 217 (S.D.N.Y. 2006) "supplies the *coup de grace* to Wells Fargo's preemption motion." Pl. Opp. at 4. Like Plaintiffs' repeated citation to irrelevant federal jurisdiction cases, their reading of *Binetti* ignores the fundamental differences in the regulations at issue. *Binetti* concerns the preemptive effect of the Home Owners' Loan Act (HOLA) and correlating OTS regulations. Plaintiffs make much of the allegedly broader "field preemption" applicable under HOLA, arguing that the "more limited" NBA preemption must be narrower than the HOLA regulations found not preempted in *Binetti*. While OTS preemption is similar to OCC's in some respects, there is one core difference that demonstrates why *Binetti* hurts, rather than helps, Plaintiffs' argument.

*Binetti* addressed a GBL § 349 claim very similar to this one. But the exception the court found applicable in *Binetti* <u>does not exist</u> under the NBA. The OTS regulation identifies state laws that are excepted from the preemption rule to the extent they "only incidentally affect" a thrifts' operations, including "contract and commercial law." 12 C.F.R. § 560.2(c). The OCC

regulations here do <u>not</u> have a correlating "commercial law" exception to NBA preemption. 12 C.F.R. §§ 34.4(b); 7.4008(e). *See* comparison attached hereto as Exhibit A.

The distinction is critical, and undermines Plaintiffs' reliance on *Binetti*. The issue in *Binetti* was whether GBL § 349 fit within the commercial law exception. 446 F. Supp. 2d at 220. Given that neither 12 C.F.R. § 34.4(b) nor § 7.4008(e) contain such an exception, *Binetti's* rationale has no application here.

## CONCLUSION

For all the foregoing reasons, and for those previously stated, the Complaint should be dismissed with prejudice in its entirety.

Respectfully submitted,

WFC HOLDINGS CORPORATION d/b/a
WELLS FARGO BANK, N.A.

By their attorneys,


/s/ Brian D. Hail
Brian D. Hail (BH – 1857)
GOODWIN PROCTER, LLP
599 Lexington Avenue,
New York, NY 10022
(212) 813-8800 (telephone)
(212) 355-3333(facsimile)
bhail@goodwinprocter.com

Dated: March 10, 2008

10