UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

KATHLEEN BALDANZI & GERALD P. LONG,

        Plaintiffs,

  -v-                                                                                                                                       No. 07 Civ. 9551 (LTS)(GWG)

WFC HOLDINGS CORP. d/b/a/ WELLS FARGO BANK, N.A.,

        Defendant.

-------------------------------------------------------x

### MEMORANDUM OPINION AND ORDER

        In this putative class action, plaintiffs Kathleen Baldanzi and Gerald P. Long ("Plaintiffs") allege that defendant WFC Holdings Corporation d/b/a Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo"), in breach of the terms of promissory notes given by Plaintiffs in connection with co-operative apartment financing ("co-op notes"), improperly charged loan interest for one or more days after the principal balance had been paid and the loans terminated. Plaintiffs assert causes of action for breach of contract; "deceptive acts and practices" within the definition of New York General Business Law § 349(a) and comparable consumer protection statutes of other states; and unjust enrichment. Plaintiffs' complaint adequately avers that the Court has subject matter jurisdiction of the claims based on 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005. 28 U.S.C. § 1332.

        Plaintiffs have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(h)(3), arguing that the Court lacks subject matter jurisdiction of the asserted claims based on Plaintiffs' revised estimate of the amount in controversy. Plaintiffs have moved in the

alternative to dismiss the complaint voluntarily pursuant to Federal Rule of Civil Procedure 41(a)(2). The Court has considered thoroughly the parties' submissions. For the following reasons, Plaintiffs' complaint will be dismissed without prejudice on the condition that Plaintiffs compensate Defendant for certain of its attorney's fees and costs, as detailed in the conclusion of this Memorandum Opinion and Order.

BACKGROUND

Plaintiffs initiated this action by filing a complaint on October 25, 2007 (the "Complaint"). (Docket entry no. 1.) In the Complaint, Plaintiffs alleged that they each incurred damages of "approximately $200," and that Defendant damaged similarly-situated borrowers "on a mass scale." (Compl. ¶ 4.) Plaintiffs alleged that the putative class included "thousands of co-op loan borrowers in New York and nationwide" (id. ¶ 7), and that "the amount in controversy – which may be calculated by aggregating the claims of the proposed Class members – exceeds $5 million" (id. ¶ 9).

The Court entered a Pre-Trial Scheduling Order on February 11, 2008, which set a July 1, 2008, deadline for the commencement of class certification motion practice. (Docket entry no. 14.) The Pre-Trial Scheduling Order further provided that

> In the event that any party fails to comply with this Pre-Trial Scheduling Order, or is not prepared to go forward with trial on the date scheduled, the Court may impose sanctions or take other actions as appropriate. Such sanctions and actions may include assessing costs and attorney's fees, precluding evidence or defenses, dismissing the action, granting judgment by default, and/or appropriate penalties.

(Id. at ¶ 11.) On June 30, 2008, the Court granted the parties' request that the Court stay the deadlines provided in the Pre-Trial Scheduling Order pending the Court's adjudication of Defendant's motion to dismiss the complaint. (Docket entry no. 23.) On December 15, 2008,

following the Court's denial of Defendant's motion, Magistrate Judge Gabriel W. Gorenstein entered an Amended Pre-Trial Scheduling Order that set a June 1, 2009, deadline for completion of class discovery and commencement of class certification motion practice. (Docket entry no. 26.) The terms of the Pre-Trial Scheduling Order that were not specifically amended by the Amended Pre-Trial Scheduling Order remained in force.

On May 29, 2009, the last business day before the deadline to move for class certification, Plaintiffs' counsel, for the first time since discovery had resumed in this action, e-mailed document requests, interrogatories, and a deposition notice to Defendant's counsel. (McGarry Decl. ¶ 8.) On June 1, 2009, Plaintiffs requested by letter a three-month extension of the deadlines set forth in the Amended Pre-Trial Scheduling Order. (Docket entry no. 27.) On June 3, 2009, Judge Gorenstein issued an Order in which he stated that "Plaintiffs' counsel's multiple failures obviously raise serious, if not dispositive, questions as to his suitability to proceed as class counsel," and required that Plaintiffs submit their extension request by written motion by June 10, 2009. (Docket entry no. 28.) Plaintiffs subsequently requested a conference before Judge Gorenstein to address their extension request, which Judge Gorenstein rejected on June 8, 2009, without prejudice to reinstatement in the event Plaintiffs made written submissions as provided by the June 3, 2009, Order. (Docket entry no. 29.) Plaintiffs did not make a written submission to substantiate their request for an enlargement of time, nor did they move for class certification. Rather, on June 10, 2009, Plaintiffs submitted the instant motion, asserting for the first time that the Court is without subject matter jurisdiction of the claims in light of their revised view of the amount in controversy. (Docket entry no. 30.)

Baldanzi.SMJ.wpd    Version 01/13/10

3

DISCUSSION

*Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(h)(3) provides that, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). However, courts have long abided by the "well-established rule that diversity of citizenship is assessed at the time the action is filed." Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (U.S. 1991); see also Dery v. Wyer, 265 F.2d 804, 808 (2d Cir. 1959) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938), and holding that "the sufficiency of jurisdiction should be determined once and for all at the threshold and if found to be present then should continue until final disposition of the action."). Accordingly, it "is the well-settled rule that a federal court does not lose jurisdiction over a diversity action which was well-founded at the outset even though one of the parties may later change domicile or the amount recovered falls short of the statutory minimum." Wolde-Meskel v. Vocational Instructional Project Cmty. Servs., Inc., 166 F.3d 59, 62 (2d Cir. 1999). The time-of-filing rule applies regardless of the parties' desires as to whether the action should be maintained in federal court. See Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 3d § 3702 ("The Court's obligation to determine that the requisite jurisdictional amount is present is independent of the parties' assertions or desires.").

An exception to the time-of-filing rule applies in instances in which the court determines, "to a legal certainty," that the plaintiff never could have recovered a sufficient amount to satisfy the jurisdictional threshold. Tongkook America, Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994). In such instances, the claim must be dismissed for lack of subject matter

jurisdiction, even if a trial has already taken place. Id. The legal certainty test is stringent: "[w]here the damages sought are uncertain, the doubt should be resolved in favor of plaintiff's pleadings," id. at 785, and "[o]nly three situations clearly meet the legal-certainty standard for purposes of defeating the Court's subject matter jurisdiction: 1) when the terms of a contract limit the plaintiff's possible recovery; 2) when a specific rule of substantive law or measure of damages limits the money recoverable by the plaintiff; and 3) when independent facts show that the amount of damages was claimed by the plaintiff merely to obtain federal court jurisdiction." Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 3d § 3702. Although the time-of-filing rule generally advances judicial efficiency by preventing parties from repeatedly compelling district courts to revisit the jurisdictional basis of the claim (a determination that, in many instances, is inextricably linked to the action's merits), these exceptions enable district courts to reconsider subject matter jurisdiction in instances in which the analysis either can be performed simply based upon the plain language of a statute or contract (situations one and two, above) or is necessary to prevent a litigant from abusing the federal legal system (situation three). None of these situations obtain here.

Plaintiffs assert that "counsel's investigation into this case has recently revealed that the maximum potential damages recoverable by the proposed class almost certainly is substantially less than $5 million." Pl. Mem. at 2 (emphasis added); see also Wittels Decl. ¶ 31 ("counsel is certain that the class members' aggregate claims will not meet the $5 million amount in controversy requirement"). The potential damages in this action are the product of the class members' average loss and the potential number of class members. With respect to the former, the Wittels Declaration proffers that "counsel's inquiries into the alleged class-wide refund of post-closing

interest proved inconclusive . . ." Wittels Decl. ¶ 29.  Accordingly, there is no "legal certainty" of the occurrence of a class-wide refund of post-closing interest that, allegedly, would reduce the estimated average damages per class member from approximately two hundred dollars to approximately two dollars.   Plaintiffs therefore support their argument that the amount in controversy falls below five million dollars with a statistical sampling of the market share of different co-op lenders in New York City and a citation to Wikipedia[1] that lead them to believe that there must be fewer than 25,000 putative class members.  See Wittels Decl. ¶¶ 31-35.  Plaintiffs argue that, based on this information, it is their "counsel's considered opinion . . . that Plaintiffs cannot establish a 'reasonable probability' that the aggregate amount in controversy exceeds $5 million."  Id.  However, "legal certainty" rather than "reasonable probability" is the operative test, and Plaintiffs' proffers, which require the Court to indulge in speculation regarding the potential size of the recovery and of the putative class, fail to establish the requisite "legal certainty."  See Tongkook America, Inc., 14 F.3d at 784 (dismissing the action for lack of subject matter jurisdiction based upon undisputed contract language and the undisputed, pre-litigation partial payment by defendant that combined to render the amount in controversy below the statutory threshold).  Rather, Plaintiffs' proffers require precisely the sort of extensive analysis precluded by the time-of-filing rule.  Dery v. Wyer, 265 F.2d 804, 808 (2d Cir. 1959).  Accordingly, Plaintiffs' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(h)(3) is denied.

---

[1]   Wikipedia, however, touts its own unreliability, directing its users that, "You should not use Wikipedia by itself for primary research," and observing that the website's "radical openness means that any given article may be, at any given moment, in a bad state: for example, it could be in the middle of a large edit or it could have been recently vandalized"  Wikipedia: Researching with Wikipedia, http://en.wikipedia.org/wiki/Wikipedia:Researching_ with_ Wikipedia (last visited January 8, 2010); see Badasa v. Mukasey, 540 F.3d 909, 910 (8th Cir. 2008).

*Dismissal Pursuant to Rule 41*

Plaintiffs have moved in the alternative to dismiss this case voluntarily pursuant to Federal Rule of Civil Procedure 41(a)(2). Plaintiffs argue that the case should be dismissed without prejudice and Defendant asserts the contrary position. The Second Circuit has delineated the following factors as relevant "in determining whether a case should be dismissed with prejudice: '[1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexation' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss.'" United States v. Cathcart, 291 Fed. App'x 360, 362 (2d Cir. 2008) (quoting Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990)). Application of the Zagano factors indicates that dismissal of the complaint without prejudice is the appropriate outcome in this instance.

On December 15, 2008, following denial of Defendant's motion to dismiss the complaint, Judge Gorenstein allotted Plaintiffs approximately six months to conduct discovery and move for class certification. Plaintiffs waited until the last business day before the close of the discovery period before making their initial discovery requests to Defendant's counsel following the resumption of discovery in this action. Plaintiffs only moved for dismissal upon Judge Gorenstein's insistence that Plaintiffs provide further substantiation of their request to extend the class discovery and class certification motion deadlines by three months. The Court thus concludes that Plaintiffs have not been diligent in pursuing this action. Furthermore, although Plaintiffs moved for dismissal based upon their view that the Court lacked subject matter jurisdiction over the claims, Plaintiffs could have moved in the alternative for class certification in light of the deadlines established by the Court and the distinct possibility that their contested motion would be denied. Accordingly, the adequacy of Plaintiffs' explanation for their need to dismiss the complaint is dubious.

Consideration of the other Zagano factors, however, weighs in favor of a dismissal without prejudice. Courts applying the Zagano factors frequently place the greatest emphasis on the efforts expended by the defendant in discovery and trial preparation and the corresponding prejudice the defendant would suffer if forced to relitigate.  In Zagano, the Second Circuit upheld the district court's dismissal of the complaint with prejudice when the plaintiff sought dismissal "on the eve of trial" and the defendants would have been prejudiced otherwise "because of the resources they had spent in preparing after a trial date was set." Zagano, 900 F.2d at 14; see also Jewelers Vigilance Committee, Inc. v. Vitale Inc., No. 90 Civ. 1476, 1997 WL 582823, *3 (S.D.N.Y. Sept. 19, 2007) (granting dismissal with prejudice when "the parties [had] conducted extensive document discovery"); Banco Central de Paraguay v. Paraguayan Humanitarian Foundation, Inc., No. 01 Civ. 9649, 2006 WL 3456521, *5 (S.D.N.Y. Nov. 30, 2006) (finding that "[m]ost important, Principal Defendants have not shown that they have expended resources in preparing for trial" and granting dismissal without prejudice).  In this case, the action has not progressed to an advanced stage: outside of the motion practice related to Defendant's motion to dismiss the complaint and the instant motion practice, Defendant's efforts and expenses have been minimal.  Accordingly, relitigation in state court will not entail significant duplicative expense, and "[t]he United States Supreme Court recognized long ago that starting a litigation all over again does not constitute legal prejudice." Silipos, Inc. v. Bickel, No. 06 Civ. 2205, 2006 WL 3775966, *3 (Dec. 18, 2006) (quoting D'Alto v. Dahon California, Inc., 100 F.3d 281, 282 (2d Cir. 1996)).  Additionally, the record does not indicate any undue vexatiousness on Plaintiffs' part.  The Court therefore concludes that dismissal without prejudice is appropriate under Rule 41(a)(2) and the factors established in Zagano v. Fordham Univ.

Federal Rule of Civil Procedure 41(a)(2) provides that an action will be dismissed

without prejudice "upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). "That authority is frequently exercised to require a plaintiff to pay a defendant the expenses incurred in defending against the suit, once the plaintiff has elected to terminate the suit in favor of litigation elsewhere." Gravatt v. Columbia Univ., 845 F.2d 54, 55 (2d Cir. 1988). The Court hereby conditions the dismissal without prejudice upon Plaintiffs' compensation of Defendant for the fees and costs associated with the instant motion practice, as well as the fees associated with the correspondence with Judge Gorenstein regarding Plaintiffs' request to postpone the deadline to complete discovery and move for class certification.

## Conclusion

Plaintiffs' motion to dismiss the complaint for lack of subject matter jurisdiction is denied. The complaint will be dismissed without prejudice pursuant to Rule 41(a)(2), upon Plaintiffs' satisfaction of the condition that Plaintiffs pay to Defendant its attorney's fees and costs related to the instant motion practice and Plaintiffs' attempts to postpone the deadlines established by Judge Gorenstein. Plaintiffs' failure to satisfy this condition will result in a dismissal of the action with prejudice. Defendant is directed to file (with a courtesy copy for Chambers) a motion supported by a concise memorandum, with exhibits attached as appropriate, quantifying and substantiating its request for attorney's fees and costs, by **January 29, 2010**. Plaintiffs shall file any opposition submission by **February 12, 2010**, and Defendant shall file any reply submission by **February 19, 2010**. The Court will subsequently issue an order directing Plaintiffs to pay Defendant a certain sum by a certain date and, following receipt of confirmation of payment, the Court will dismiss the action without prejudice. In accordance with Rule 2.B. of the Individual Practice Rules of the undersigned, the parties are directed to seek consensus on a sum informally before engaging in the above-described

motion practice. This Memorandum Opinion and Order resolves docket entry no. 30.

SO ORDERED.

Dated: New York, New York
January 13, 2010

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge